```
                                                              FILED
                                                         U.S. DISTRICT COURT
                                                           MIDDLE GEORGIA
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA     2006 MAY 17  PM 2:09
                       MACON DIVISION
                                                         [signature] McCane
                                                           DEPUTY CLERK
```

MICHAEL DEWAYNE WILLIAMS,  :
:
        Plaintiff  :
:
    VS.  :  NO. 5:06-CV-27 (WDO)
:
HALE BURNSIDE; CALVIN  :
RAMSEY; J. BADE ODERINDE;  :
Dr. KALU-KALU; JOSEPH PARIS;  :
BRYAN R. BOPP; LOGAN  :
MARSHALL; DENNIS CARL  :
SANDERS; JOE LEWIS; CHARLES  :
G. NEWTON; ROBERT FARR;  :
FREDRICK D. FAVORS;  :
DARRELL WEBSTER; SAMMIE  :
WILSON, SR.; JOHNNY  :
CRUTCHFIELD; JAY DIXON;  :
TEDDY JACKSON; ALEXIS  :
E. L. CHASE; JAMES DONALD;  :
BADE AJIBADE; INTERPAL  :
GUJRAL, JAY LEWIS DIXON, JR.;  :
THOMAS CHALKER,  :
:
        Defendants  :
:
_____:

## ORDER

Plaintiff **MICHAEL DEWAYNE WILLIAMS**, an inmate at Men's State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee as ordered by the Court on April 13, 2006.

Plaintiff initiated this action by filing a 42 U.S.C. § 1983 complaint that was nineteen pages long and contained the names of numerous defendants. The Court found that plaintiff had failed to comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE, which provides that a civil complaint filed in this Court must set forth "a short and plain statement of the claim showing that the

pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." Therefore, the Court ordered plaintiff to file a recast complaint (Tab #13). On May 15, 2006, plaintiff filed his recast complaint (Tab # 17) and the Court must now conduct a frivolity review pursuant to 28 U.S.C. § 1915A.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

A.  Plaintiff's claim of deliberate indifference to his serious medical needs

Plaintiff has named twenty-three defendants in his recast complaint and sets forth two main claims. Plaintiff's first claim involves an allegation of deliberate indifference to his serious medical needs. Plaintiff states that the McDuffie County Commissioners named in his complaint, along with the Glascock County Commissioners, and the Sheriffs of McDuffie and Glascock Counties conspired to deny him medical care for his "serious hernia and cardiac conditions." Specifically, plaintiff states that prior to June 2001, he was "diagnosed and prescribed surgery for [his] serious hernia condition."

However, before he was able to undergo this surgery, he was arrested on June 6, 2001. According to plaintiff, he told Bryan Bopp of his needed surgery, but then-deputy (now Sheriff) Bopp told him that the Commissioners (presumably of either or both McDuffie and Glascock Counties) would not allow him to have the costly hernia surgery.

In relation to his "cardiac condition," plaintiff states that he had a heart attack and the "McDuffie County jail officials" made him "lay unattended for several days." It appears from plaintiff's complaint that he may have suffered another heart attack "while [he was] being delivered to [Baldwin State Prison]." Based on the dates contained in plaintiff's complaint, this would have been some time in 2001. According to plaintiff, the doctors at Baldwin State Prison; Joseph Paris, the Medical Director for the Georgia Department of Corrections; and Dr. Inderpal S. Gujral failed to provide him the necessary surgery for his heart.

42 U.S.C. § 1983 has no statute of limitations of its own. Instead all § 1983 claims are governed by the state limitations statute governing personal injury actions. ***Wilson v. Garcia***, 471 U.S. 261 (1985). In Georgia, the statute of limitations for personal injury actions is two years. Ga. Code Ann. § 9-3-33.

"Federal law determines when the statute of limitations begins to run." ***Lovett v. Ray***, 327 F.3d 1181, 1182 (11th Cir. 2003). The statute begins to run "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonable regard for his rights'." ***Brown v. Georgia Bd. of Pardons and Paroles***, 335 F.3d 1259, 1261 (11th Cir. 2003)(quoting ***Rozar v. Mullis***, 85 F.3d 556, 561-62 (11th Cir. 1996)). The facts that would support plaintiff's cause of action in this case should have been apparent to him in 2001. Therefore, plaintiff had two years from this date to file his suit. However, plaintiff did not file the instant action until January 2006, which is well after the two year statute of limitations has run.

B. Plaintiff's claim that his defense attorney, Sheriff Bryan R. Bopp, District Attorney Dennis Sanders, and GBI Agent Teddy Jackson acted in concert to deny him a fair trial and due process

Plaintiff alleges that his defense attorney, Sheriff Bopp, District Attorney Sanders, and Agent Jackson threatened two defense witnesses. According to plaintiff, these defendants told two

witnesses that if they testified on behalf of the defendant "they too would be thrown in jail." Plaintiff states that he has "only just recently" learned of these threats.

This claim falls within the ambit of the Supreme Court's decision in *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 2372-73.

In other words, a prisoner cannot bring a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature. *Id.* at 2372.

In the case at bar, plaintiff's allegations that the named defendants threatened witnesses who were willing to testify on his behalf could, if proven, imply the invalidity of his conviction or sentence. *See McMillian v. Johnson*, 878 F. Supp 1473, 1511-12 (M. D. Ala. 1995)(explaining that "the claim that law enforcement officers improperly influenced, threatened, and coerced witnesses" does imply that a prisoner's conviction and sentence are invalid and, therefore, *Heck* would bar such a claim until the prisoner had his conviction or sentence invalidated). In this case, plaintiff has not demonstrated that his conviction or sentence have been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. Therefore, *Heck* bars this claim.

C. Hale Burnside, Calvin Ramsey, Alexis E. L. Chase, James E. Donald, and Bade Ajibade

Plaintiff has named Hale Burnside, Calvin Ramsey, Alexis E. L. Chase, James E. Donald, and Bade Ajibade as defendants in the heading of his complaint. However, plaintiff has failed to set forth any allegations against these defendants in the body of his complaint. In fact, plaintiff has completely failed to explain why he has named these individuals as defendants and these defendants'

names appear nowhere in the body of his complaint.

The Court notes that on December 22, 2005 it dismissed, with prejudice, an action in which plaintiff named Dr. Hale Burnside and Calvin Ramsey as defendants and alleged that these two defendants denied him necessary surgery for his hernia. ***Williams v. Burnside***, 5:05-CV-115 (CAR). To any extent to that plaintiff seeks to litigate this issue, it has already been decided against him and res judicata would preclude plaintiff from litigating this issue again against these two defendants. *See **Hart v. Yamaha-Parts Distributors, Inc.***, 787 F.2d 1468, 1470 (11th Cir. 1986) (explaining that "[f]or res judicata to bar appellant's second action, four elements must be present: (1) a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits, and (4) the same cause of action must be involved in both cases.")

### III. CONCLUSION

Based on the above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 17th day of May, 2006.

WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE

lnb